**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VIRGINIA VILLA-SANDERS,<br><br>Plaintiffs,<br><br>v.<br><br>MIDEA AMERICA CORP., et al.<br><br>Defendants. | Case No. 26-cv-08204<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Virginia Villa-Sanders ("Plaintiff") originally filed this product liability action in the Circuit Court of Cook County, Illinois, alleging that Defendants, Midea America Corp. ("Midea America"), Corelle Brands Acquisition Holdings ("Corelle"), Foshan Shunde Midea Electrical Heating Appliances Manufacturing Co., Ltd. ("Foshan"), Guangdong Midea Consumer Electric Manufacturing Co., Ltd. ("Midea China"), Zhejiang Tianxi Kitchen Appliance Co., Ltd. ("Zhejiang"), and Midea Electric Trading 2 (Singapore) Co. PTE, Ltd. ("Midea Singapore") (collectively, "Defendants"), are responsible for the design, manufacture, marketing, sale, and distribution of an unreasonably dangerous Instant Pot brand pressure cooker. [1-2] at 3. Defendant Midea has since removed this action to federal court. [1].

Before the Court now is Plaintiff's Motion to Remand to the Circuit Court of Cook County, Illinois, and for an award of the attorneys' fees and costs incurred as a

result of the wrongful removal. [11]. Arguments in the notice of removal and response to the motion to remand were made by Midea America, who is no longer a party to the case. [20] [29]. Corelle joined and adopted Midea America's arguments by reference. [28]. For the reasons stated below, Plaintiffs' motion [11] is granted in part.

**BACKGROUND**

Plaintiff alleges that she was seriously injured when an Instant Pot brand pressure cooker designed, manufactured, marketed, sold, and distributed by Defendants opened while its contents were pressurized, causing serious burns and other bodily injuries. [1-2] at 3. On June 23, 2025, Plaintiff filed a four-count complaint against Defendants in the Circuit Court of Cook County, Illinois, including claims for strict liability (Counts I–III) and negligence (Count IV). *Id.* Plaintiff served Midea America on August 19, 2025. [1] at ¶ 5. At the time, the Cook County proceeding was subject to a bankruptcy stay, which was lifted on July 9, 2026. [31] at 1.

On July 10, 2026, Defendant Midea America removed this action to federal court based on the theory that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity between the parties; and (2) the amount in controversy exceeds $75,000. [1] at ¶¶ 14–15. Plaintiff filed a motion to remand under 28 U.S.C. § 1447, arguing that Defendant Corelle is a citizen of Illinois which defeats diversity under the forum defendant rule. [11] at ¶¶ 3–4.[1]

[1] Plaintiff subsequently voluntarily dismissed Midea America from this action. [27] [29].

## STANDARD

"Federal courts are courts of limited jurisdiction" with "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a case to federal court if there is a basis for federal subject matter jurisdiction. 28 U.S.C. §§ 1441(a), 1446. The Court must "interpret the removal statute narrowly," and any doubts regarding jurisdiction are resolved in favor of remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Hill v. Union Pac. R.R.*, 2021 WL 4239972, at *2 (C.D. Ill. Sept. 17, 2021) ("Any doubts regarding removal should be resolved in favor of the plaintiff's choice of form in state court."). The party seeking removal bears the burden of establishing federal jurisdiction. *Boyd v. Phx. Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004).

Removal to federal court is proper when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.[2] 28 U.S.C. § 1332(a). "For a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be 'complete' meaning that no plaintiff may be a citizen of the same state as any defendant." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quoting *Fid. & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983)). Further, removal on this basis is not proper if any of the

---

[2] Plaintiff apparently concedes that the amount in controversy exceeds the $75,000 jurisdictional threshold.

defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). However, if a party to a suit is merely a nominal party, its presence in the suit will not defeat removal. *Jimenez v. Kiefer*, 100 F.4th 931, 936 (7th Cir. 2024) (citations omitted); *Majewski v. Dick's Sporting Goods, Inc.*, 2021 WL 76819, at *6 (N.D. Ill. Jan. 8, 2021). A defendant is nominal if the plaintiff does not seek relief from them, or there is no reasonable basis for predicting that they will be held liable. *Jimenez*, 100 F.4th at 936; *Selfix, Inc. v. Bisk*, 867 F. Supp. 1333, 1335–36 (N.D. Ill. 1994) ("A nominal defendant is not a real party in interest because it has no interest in the subject matter litigated" and its "relation to the suit is merely incidental.").

## ANALYSIS

Midea removed this action to this Court on the theory that there is complete diversity between Plaintiff and all Defendants. [1]. Plaintiff responds that while this is true, removal violates the forum defendant rule because Defendant Corelle is a citizen of Illinois with its principal place of business in Illinois. [11]. Midea counters that Corelle is in fact a citizen of Delaware and Ohio, and regardless is a nominal defendant not subject to the forum defendant rule. [20].

### I. Corelle's Citizenship

The Court must first address the question of Defendant Corelle's citizenship. "A corporation is a citizen of two states (though they may coincide): the state in which the corporation is incorporated and the state in which its principal place of business is located." *Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1047 (7th Cir. 2007); *Hoagland v. Sandberg, Phx. & Von Gontard, P.C.*, 385 F.3d 737, 741 (7th Cir.

2004) (citing 28 U.S.C. § 1332(c)(1)). An LLC's citizenship is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Citing to the Illinois Secretary of State's website and the Corelle bankruptcy proceedings, Plaintiff argues that removal violates the forum defendant rule because Corelle's principal place of business is Illinois. *See* [26] at 6–8. In a declaration submitted two weeks after Defendant's opposition brief, Jamie Keller, the CFO of Corelle "affiliate" Anchor Hocking Co., for the first time argues that the correct legal entity, Corelle Brands Acquisition Holdings LLC, is a citizen of Delaware and Ohio. [23-1].

Defendant's belated declaration is insufficient to counter Plaintiff's evidence to the contrary, and regardless, Corelle has not established sufficient foundation for this declaration. As Plaintiff points out, the declaration states neither who Mr. Keller is, other than the CFO of a different company, nor that company's "affiliation" with Corelle. *See* [31] at 3–4; *Perez v. Corelle Brands Acquisition Holdings*, Case No. 26-cv-8141, Dkt. 27 at 4 (N.D. Ill. Oct. 7, 2026) (Coleman, J.) (remanding nearly identical case against the same defendants because neither the motion nor declaration established who Mr. Keller was or his affiliation with Corelle).[3] Therefore, the Court finds that Defendant Corelle is a citizen of Illinois.

---

[3] Defendants argue that Plaintiff's motion bringing this newly released supplemental authority to the Court's attention is an improper sur reply because it relitigates the issues before the Court. [35] at 2. Not so. Plaintiff properly brought to the Court's attention two cases decided after briefing on Plaintiff's motion for remand was complete and explained why these orders may be applicable. That these orders are persuasive as opposed to controlling precedent is of no object.

## II. Nominal Defendant Rule

Midea argues that even if Corelle is a citizen of Illinois, the Court should disregard Corelle's Illinois citizenship because it is a nominal defendant. Plaintiff counters that Corelle is not a nominal defendant under *Jimenez* because Corelle's conduct is at issue and Plaintiff seeks judgment against Corelle for its alleged breach of the standard of care and other tortious conduct. [11] at 3.

At issue is whether a bankrupt party against whom a product liability judgment could only be enforced via its insurers or indemnitors is a nominal defendant for purposes of removal jurisdiction. Courts approach this question in two ways. In states that prohibit injured parties from bringing direct actions against an insurance carrier until judgment is obtained against the bankrupt entity, courts routinely hold that bankrupt defendants are not a "nominal party" in product liability actions or for purposes of removal jurisdiction. *E.g.*, *Harris v. Edem*, 2019 WL 489134, at *2 (W.D. Va. Feb. 7, 2019) ("a verdict against [defendant] is vital to protecting Plaintiff's interests, [so it] is a real party to this controversy") (quotation and citation omitted)); *Tyree v. Kanawha Energy Co., LLC*, 2018 WL 4781253, at *3 (S.D. W. Va. Oct. 3, 2018) (ordering remand where bankrupt defendant in personal injury action was not "nominal" for purposes of diversity); *In re Ethylene Oxide Coordinated Pretrial Proceedings*, 2024 WL 4953820, at *2–3 (N.D. Ill. Dec. 3, 2024) (parties are not "nominal" just because they are referred to that way in state court documents); *Monroe v. Cont'l Tire the Ams., LLC*, 807 F. Supp. 2d 1129, 1132 (M.D. Fla. 2011) (bankrupt defendant was not a "nominal party" in product liability action even

though plaintiff's recovery against bankrupt defendant was limited to insurance proceeds). Conversely, in states that allow direct lawsuits against insurers, courts hold that bankrupt defendants are nominal parties and do not trigger the forum defendant rule. *E.g.*, *Habeney v. RPM Pizza Greater New Orleans, LLC*, 832 F. Supp. 3d 596, 607–08 (E.D. La. 2026) (distinguishing *Harris* because Louisiana allows direct actions against debtor's insurance company before liability against debtor is established).

Illinois is in the former camp. *Marchlik v. Coronet Ins. Co.*, 239 N.E.2d 799, 800 (Ill. 1968) (Illinois prohibits injured parties from bringing direct actions against insurance carriers before judgment is obtained against the insured). Therefore, Illinois defendants continue to have a stake in product liability litigation against them until the claims against them are dismissed, *In re Ethylene Oxide*, 2024 WL 4953820, at *3, and are not "nominal" for purposes of diversity jurisdiction and remand. *Harris*, 2019 WL 489134, at *2 (courts "are virtually unanimous that a bankruptcy defendant is not 'nominal' for purposes of diversity jurisdiction") (collecting cases); *Tyree*, 2018 WL 4781253, at *2 ("Courts that have decided the question have found that in determining whether diversity exists, the citizenship of bankrupt defendants sued solely for the purpose of obtaining a judgment to ultimately collect from an insurer may not be disregarded.").

Plaintiff pleads that Corelle is a "nominal defendant[]" sued "in order to enable [Corelle] to tender any and all claims to any and all applicable indemnitors, insurance carriers, excess insurance carriers and/or other entities responsible for handling,

providing coverage or defending the claims alleged [].” [1-2] at ¶ 8. In line with *Harris* and *Marchlik*, Plaintiff avers that this pleading is only intended to preserve Plaintiff’s claims against Corelle’s insurers and indemnitors due to Corelle’s bankruptcy and does not render Corelle a nominal defendant for the purposes of the remand jurisdiction. [11] at 3–4. Again, Plaintiff is correct. *See Perez v. Corelle Brands Acquisition Holdings*, Case No. 26-cv-8141, Dkt. 27 at 6 (N.D. Ill. 2025) (same). A review of the complaint shows that Corelle is no mere defendant. Plaintiff alleges that Corelle had a duty, which it failed to perform, to design, manufacture, assemble, test, market, promote, supply, distribute, sell, and place into the stream of commerce a product that was not unreasonably dangerous. *See* [1-2]. Further, Plaintiff has voluntarily dismissed Midea America, leaving Corelle as the sole remaining defendant. [27] [29]. Thus, the framing in the complaint does not doom Plaintiff’s motion for remand.

Therefore, Corelle, an Illinois citizen, is not a nominal party for the purposes of remand, and the forum defendant rule bars removal.

## III. Fees & Costs

Plaintiff seeks an award of attorneys’ fees and costs relating to the disposition of this motion. Given the absence of circuit precedent and the fact this Court is one of the first to rule on one of the dozens of motions to remand currently pending against these defendants in this district, the award of fees would not be appropriate at this time. Each side is to bear its own attorneys’ fees and costs in connection with the instant motion.

## CONCLUSION

For the reasons stated, Plaintiffs' motion to remand [11] is granted in part.

E N T E R:

Dated: November 17, 2026

MARY M. ROWLAND
United States District Judge